**PARLADE LAW, L.L.C.**
**MARI D. PARLADE, ESQ.**
Nevada Bar No. 008872
3690 South Eastern Avenue, Suite 207
Las Vegas, Nevada 89169
702/ 463-5529

Counsel for Plaintiffs
PROLYM ENTERPRISES, INC.
JACK J. SOCCIO

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEVADA

| | |
|---|---|
| **PROLYM ENTERPRISES, INC.,** a Nevada ) Corporation; **JACK J. SOCCIO,** Chief ) Executive Officer of PROLYM ) ENTERPRISES, INC.,** ) ) **Plaintiff,** ) vs. ) ) **OSCAR GARCIA,** individually and as ) Alter Ego for **VMSoft, Inc.,** a Nevada ) Corporation, **Market 2 Millions Direct, Inc.,** ) a Nevada Corporation, **Market to Millions,** ) **Inc.,** a Nevada Corporation, **M2M** ) **Enterprises, LLC.,** a Nevada Corporation, ) **ISOM Brothers, Inc.,** a Nevada Corporation, ) **Nanosome Inc.,** a Nevada Corporation, ) **Information Ages, Inc.,** a Nevada ) Corporation, **Fine Art Direct, LLC.,** a ) **Nevada Corporation, Team Real Estate,** ) **LLC.,** a Nevada Corporation, **DOES 1-X** ) **AND ROE COMPANIES 1-X,** ) ) **Defendant.** ) | **Case No.:** **Dept No.:** **CIVIL ACTION FOR TREBLE DAMAGES UNDER THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT** **JURY TRIAL DEMANDED** |

## CIVIL ACTION FOR TREBLE DAMAGES UNDER THE

## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

# I.

# INTRODUCTION

1. Plaintiffs PROLYM ENTERPRISES, INC., and JACK J. SOCCIO by and through their attorney, MARI D. PARLADE, ESQ., of PARLADE LAW, LLC., hereby bring this civil action against Defendant OSCAR GARCIA, individually and as Alter Ego for VMSoft, Inc., a Nevada Corporation, Market 2 Millions Direct, Inc., a Nevada Corporation, Market to Millions, Inc., a Nevada Corporation, M2M Enterprises, LLC., a Nevada Corporation, ISOM Brothers, Inc., a Nevada Corporation, Nanosome Inc., a Nevada Corporation, Information Ages, Inc., a Nevada Corporation, Fine Art Direct, LLC., a Nevada Corporation, Team Real Estate, LLC., a Nevada Corporation, DOES 1-X AND ROE COMPANIES 1-X, under: the Nevada Revised Statutes § 207.470 for treble damages resulting from Racketeering; the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., to recover actual damages, statutory damages, reasonable attorney fees and costs by reason of GARCIA' violations of Fair Debt Collection Practices Act; and the Organized Crime Control Act of 1970, 18 U.S.C. §§ 1962 and 1964 (Racketeer Influenced and Corrupt Organizations), to recover compensatory, treble and punitive damages; the imposition of a constructive trust with tracing; costs of investigation and suit; interest and attorney fees as a result of the GARCIA' scheme to defraud, steal and procure secret profits from Plaintiffs and other individuals and businesses similarly situated, by intentionally misrepresenting material information in connection with the operation of the Enterprise;

2. Plaintiffs PROLYM ENTERPRISES, INC., and JACK J. SOCCIO, by and through their attorney, MARI D. PARLADE, ESQ., of PARLADE LAW, LLC., hereby certify that

there are several past and present individuals and businesses who have an interest in the outcome of this case, but at this point either choose to remain anonymous or are unknown to the Plaintiffs at this time. Plaintiff swill move to amend the Complaint to insert the true names and capacities of these potential Plaintiffs when they become known;

## II.

## JURISDICTION

3.  This action arises under the Organized Crime Control Act of 1970, 18 U.S.C. § 1964 (a) and (c) (Racketeer Influenced and Corrupt Organizations, hereinafter RICO);15 U.S.C. § 1692, et seq. (Fair Debt Collection Practices Act, hereinafter FDCPA), §802 et seq., of the Consumer Credit Protection Act (CCPA), and the Federal Trade Commission Act 15 U.S.C. § 45(a) as hereinafter more fully appears, with supplemental state claims for civil conspiracy, fraudulent concealment, interference with contractual relationship and an accounting under 28 U.S.C. §1367;

4.  This Court has jurisdiction of this action under the 18 U.S.C. 1964(a) & (c) (RICO Act); 28 U.S.C. § 1331 (Federal Question); and Under the Principles of Supplemental Jurisdiction under 28 U.S.C. § 1367;

5.  Personal jurisdiction and venue in this action are predicated on 18 U.S.C. § 1965(a) and 28 U.S.C. § 1391(b) since the Defendant is a resident of, is found within, has agents within, or transacts his affairs in the U.S. District Court, District of Nevada, and certain activities of the Defendant that give rise to this action took place in the U.S. District Court, District of Nevada;

/ / /

/ / /

### III.

### PARTIES AND RELATIONSHIPS

6.  Plaintiff PROLYM ENTERPRISES, INC., (hereinafter "PROLYM"), is a Nevada Corporation doing business in the state of Nevada at 1350 E. FLAMINGO ROAD #687, Las Vegas, Nevada 89119;

7.  Plaintiff JACK J. SOCCIO (hereinafter "SOCCIO"), residing in the city of Henderson, county of Clark and state of Nevada, is the chief executive officer ("CEO") of PROLYM;

8.  Defendant OSCAR GARCIA (hereinafter "GARCIA") is an individual residing in the county of Clark, state of Nevada and doing business in the county of Clark, State of Nevada under the name of his various business entities registered in the State of Nevada as VMSoft, Inc., Market 2 Millions Direct, Inc., Market to Millions, Inc., M2M Enterprises, LLC., ISOM Brothers, Inc., Nanosome Inc., Information Ages, Inc., Fine Art Direct, LLC., Team Real Estate, LLC (hereinafter "CORPORATIONS");

9.  DOES I-X AND ROE COMPANIES 1-X are individuals or companies respectively that in some manner are responsible for the acts alleged to have taken place herein and Plaintiffs will move to amend the Complaint to insert their true names and capacities when they become known;

### IV.

### BACKGROUND INFORMATION

10. At all relevant times, Defendant GARCIA conducted his pattern of criminal activity by setting up, operating and eventually abandoning each of his following sham corporations: VMSoft, Inc., Market 2 Millions Direct, Inc., Market to Millions, Inc., M2M Enterprises, LLC., ISOM Brothers, Inc., Nanosome Inc., Information Ages, Inc., Fine Art Direct,

LLC., Team Real Estate, LLC. (hereinafter "CORPORATIONS");

11. Prolym Enterprises specializes in putting on and promoting entertainment of all genres from sports, entertainment, music, premiere party events, special occasions and charitable events.

12. In light of the fast-paced demands and time constraints inherent in PROLYM's line of work, PROLYM contracted with GARCIA between November and December 2006, wherein GARCIA would create and launch a PROLYM website;

13. Since time was of the essence in this contract, GARCIA assured PROLYM that the website would successfully launch once PROLYM paid Eight Thousand Dollars ($8,000.00) in fees up-front;

14. In reliance upon GARCIA's assurances and due to impeding time constraints within the business, PROLYM promptly paid GARCIA $8,000.00 up-front for the website.

15. Between January and February 2007, PROLYM contracted with GARCIA to provide flyers for PROLYM's sponsorship of the upcoming March Madness Basketball Season;

16. In light of the impending March Madness Basketball Season, time was of the essence in this contract;

17. GARCIA assured PROLYM that the flyers would be completed in early February once Five Hundred Dollars ($500.00) in fees were paid up-front;

18. In reliance upon GARCIA's assurances and due to the impending time-constraints, PROLYM promptly paid GARCIA $500.00 up-front for the flyers;

19. Notwithstanding PROLYM's repeated requests, GARCIA has failed and refuses to provide both the website and flyers;

20. GARCIA's assistant at the time, Kim Speroni, even reminded GARCIA that he owed

PROLYM a refund;

21. GARCIA informed Ms. Speroni that the owner of PROLYM must come to his office to obtain the refund check;

22. In response thereto, Plaintiff JACK SOCCIO, CEO of PROLYM, went to GARCIA's office and requested for the refund;

23. GARCIA refused to meet with SOCCIO;

24. On a second occasion, per GARCIA's request, SOCCIO went to GARCIA's office to request for the refund;

25. In the midst of their conversation, without any provocation whatsoever, GARCIA pointed what appeared to be a handgun at SOCCIO;

26. While GARCIA pointed the handgun towards SOCCIO, GARCIA threatened to call the police on SOCCIO by yelling, "Help! He assaulted me!"

27. To avoid confrontation, SOCCIO immediately left GARCIA's office;

28. At no time during their encounter did SOCCIO provoke or assault GARCIA in any manner;

29. GARCIA summoned Henderson Police Officers to his office and committed perjury by making false verbal and written statements to the police for the purpose of effectuating a citizen's arrest upon SOCCIO;

30. GARCIA denied pointing a handgun at SOCCIO and further concealed the item before the police searched his office;

31. In efforts to frame a disgruntled customer, GARCIA frivolously alleged that SOCCIO assaulted and battered him;

32. As a result of GARCIA's perjured verbal and written statements to the police, SOCCIO

was issued a citizen's arrest and had to retain the services of an attorney to investigate and dismiss these frivolous charges;

33. It is during this investigation that SOCCIO learned of GARCIA's pattern of fraudulent and criminal behavior;

34. GARCIA's former employee and partner, Diab Shetayh, who was present during the encounter, admitted that GARCIA coerced him into backing up any and all statements that GARCIA made to the police;

35. In efforts to extricate himself from any potential perjury charges, Mr. Shetayh subsequently met with law enforcement to amend and/or clarify his statement;

36. Mr. Shetayh further admitted that GARCIA exerted his influence and control over his employees and business partners by manipulating them into partaking in his fraudulent behavior;

37. GARCIA had a pattern of instilling fear in his employees and business partners by brandishing his four-inch pocket knife and air pistol pellet (which resembled an actual handgun) around the office;

38. GARCIA had a pattern of defrauding his customers by taking their money without providing any services whatsoever;

39. GARCIA instructed his assistant, Kim Speroni, to lie to each of the customers about the status of their orders;

40. GARCIA instructed his web salesman, Josh Ybarra, to make false representations and assurances to the customers solely for the purpose of extorting additional monies from the customers;

41. GARCIA instructed his web salesman, Mr. Ybarra, to inform the customers that their

website was almost finished, when in fact, their website had not been worked on;

42. During the Christmas holidays, GARCIA instructed Mr. Ybarra to lie to all the employees by telling them that their paychecks were forthcoming, when in fact the paychecks would not be mailed out until after the holidays;

43. In preparation for a customer meeting, GARCIA instructed his web developer, Dave Byers, "I don't care if it [customer's website] works, just make it look like it works so the client pays up,"

44. Once the customer paid GARCIA in full and up-front, GARCIA would instruct his employees to abandon that customer's project and focus upon extorting money from the next paying customer;

45. GARCIA defrauded his former client and potential business partner, Rob Tschan, by extorting $2,000.00 from Mr. Tschan for the creation and launching of Mr. Tschan's new business;

46. After eight months of non-performance, Mr. Tschan requested for his refund and a return of all of his business files and artwork;

47. GARCIA attempted to extort an additional $2,000.00 from Mr. Tschan in exchange for Mr. Tschan's receipt of his own business files and artwork;

48. GARCIA instructed Mr. Tschan, in an e-mail, to "make the $2,000.00 check out to me personally."

49. GARCIA commingled his CORPORATION's funds and assets with his own;

50. GARCIA used corporate funds to pay for his monthly residential rent;

51. GARCIA had a pattern of lying, deceiving, defrauding, manipulating and extorting money from his customers;

52. GARCIA used his employees as scapegoats so as to avoid contact and confrontation with his disgruntled customers;

53. GARCIA instructed his assistant to inform customers that he was not in the office and that their refund would be forthcoming, when in fact it was not;

54. GARCIA defrauded his own employees and business partners into believing that their paychecks would be forthcoming, when to this day, it has not;

55. GARCIA defrauded his employees and business partners by issuing them paychecks for non-sufficient funds;

56. GARCIA defrauded his employees and business partners by withholding a portion of their paychecks for tax purposes, yet never actually submitting these withholding to the appropriate tax agencies;

57. As a result of GARCIA's pattern of criminal behavior, his employees and business partners, Mr. Shetayh, Ms. Speroni, Mr. Ybarra and Mr. Byers ultimately left GARCIA;

58. Mr. Tschan, Mr. Shetayh, Ms. Speroni, Mr. Ybarra and Mr. Byers are prepared to join in this action as Witnesses and potential Plaintiffs against GARCIA for the damages each have sustained as a result of GARCIA's criminal behavior;

59. Mr. Tschan, Mr. Shetayh, Ms. Speroni, Mr. Ybarra and Mr. Byers are prepared to testify on behalf of the Plaintiff JACK SOCCIO and against the alleged victim, GARCIA, in the upcoming criminal trial wherein GARCIA frivolously executed a citizen's arrest;

60. Plaintiff SOCCIO is prepared to amend this complaint with a claim for Malicious Prosecution, imposing criminal charges against GARCIA to the fullest extent allowable under Nevada law, once the upcoming criminal trial results in a dismissal of the frivolous charges;

## V.

## CRIMES AGAINST PUBLIC JUSTICE

### First Claim:

### False Affidavit to Effect Arrest (Violation of NRS 199.130)

61. Plaintiffs reallege and restate paragraphs 1 through 60;

62. GARCIA made, executed, signed and caused to be made, executed, and signed any false or fictitious affidavit or other instrument in writing before any officer or person authorized to administer oaths, for the purpose or with the intent of securing a citizen's arrest of Plaintiff SOCCIO;

63. In doing so, GARCIA violated NRS 199.130 and is therefore guilty of a Category D Felony and shall be punished by imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 4 years, and by a fine of not more than $5,000.00;

### Second Claim:

### Statement Made in Declaration Under Penalty of Perjury (Violation of NRS 199.145)

64. Plaintiffs reallege and restate paragraphs 1 through 63;

65. In efforts to frame a disgruntled customer, GARCIA made a willful and false statement in a matter material to the issue or point in question;

66. GARCIA willfully made an unqualified statement of that which he does not know to be true;

67. GARCIA suborned  another to make in such a declaration a statement of the kind described in Paragraphs 65 and 66, above;

68. In doing so, GARCIA violated NRS 199.130 and is therefore guilty of a Category D

Felony and shall be punished by imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 4 years, and by a fine of not more than $5,000.00;

## Third Claim:

## Destroying Evidence (Violation of NRS 199.220)

69. Plaintiffs reallege and restate paragraphs 1 through 68;

70. Subsequent to pointing a hand pistol directly at SOCCIO, GARCIA concealed the weapon (later known to be an air pistol resembling an actual pistol), knowing that the authorities would search his office;

71. GARCIA, with the intent to conceal the commission of any felony, or to protect or conceal the identity of any person committing the same, or with intent to delay or hinder the administration of the law or to prevent the production thereof at any time, in any court or before any officer, tribunal, judge or magistrate, willfully destroyed, altered, erased, obliterated or concealed any instrument or thing;

72. In doing so, GARCIA is guilty of a gross misdemeanor;

## VI.

## ALTER EGO LIABILITY

## Fourth Claim:

## Alter Ego Liability

73. Plaintiffs reallege and restate paragraphs 1 through 72;

74. GARCIA used each of his CORPORATIONS as his alter ego;

75. GARCIA's influenced and governed each of his CORPORATIONS;

76. GARCIA treated his corporate funds as his own, disregarded corporate formalities,

undercapitalized his corporations and conducted unauthorized diversion of funds, such that there existed such unity of interest and ownership between GARCIA and his CORPORATIONS wherein one was inseparable from the other;

77. GARCIA commingled corporate funds with his personal funds (if any) by utilizing corporate funds for his own personal use, such as for payment of his residential monthly rent;

78. Each of GARCIA's CORPORATIONS had no apparent independent business operation other than existing solely for the purpose of conducting GARCIA'S personal business and each of the criminal causes of actions alleged herein;

**79.** Failure to pierce each of CORPORATION'S corporate veils by applying the alter ego doctrine and holding GARCIA personally liable for each and every cause of action alleged herein would result in an injustice and sanction a fraud;

## V.

## CONTRACTUAL CLAIMS FOR RELIEF

### Fifth Claim:

### Breach of Contract and Breach of Covenant of Good Faith & Fair Dealing

80. Plaintiffs reallege and restate paragraphs 1 through 79;

81. Between November through December 2006, Plaintiff PROLYM entered into a contract with GARCIA, by and through his CORPORATIONS, wherein GARCIA would provide the Plaintiff with a website for the promotion and marketing of Plaintiff's business in exchange for the Plaintiff's up-front payment of eight thousand dollars ($8,000.00) to GARCIA;

82. PROLYM fully performed by paying GARCIA $8,000.00 up-front in exchange for

website services to be rendered;

83. Between January through February 2007, PROLYM paid GARCIA an additional $500.00 up-front in exchange for the creation of promotional materials (i.e. flyers);

84. Due to the time constraints and fast-paced demands of Plaintiff PROLYM's business, Plaintiff and GARCIA contracted that the website and flyers would be provided on or before early February;

85. Despite PROLYM's repeated requests for the website and flyers, GARCIA has refused and failed to provide said services and products;

86. Despite PROLYM's repeated requests for a refund of $8,500.00, GARCIA has refused and failed to provide PROLYM with a refund;

87. PROLYM has been damaged in excess of $10,000.00 due to GARCIA's failure to provide the website and flyers within the time constraints and fast-paced demands of PROLYM's business;

**Sixth Claim:**

**Unjust Enrichment**

88. Plaintiffs reallege and restate paragraphs 1 through 87;

89. Although GARCIA received $8,500.00 in payment up-front from PROLYM, GARCIA has refused and failed to provide the agreed upon services and products;

90. GARCIA has been unjustly enriched in amount of $8,500.00;

91. As a result of GARCIA's unjust enrichment, PROLYM has been damaged in excess of $10,000.00.

/ / /

/ / /

## V.

## FRAUD

### Seventh Claim: Fraud (Intentional Misrepresentation)

92. Plaintiffs reallege and restate paragraphs 1 through 91;

93. GARCIA knowingly made false representations to the Plaintiffs concerning the services his CORPORATIONS would render, the product to be provided and the value of said services and product;

94. GARCIA made this false representation with the intent to induce the Plaintiffs to act in reliance upon the misrepresentations;

95. Plaintiff's justifiably relied upon GARCIA's misrepresentation; and

96. Plaintiffs have been damaged in excess of $10,000.00 as a result of such justifiable reliance;

## VI.

## STATE CRIMES AGAINST PROPERTY:

## DECEPTIVE TRADE PRACTICES, THEFT, FALSE PRETENSES, EMBEZZLEMENT

### Eighth Claim:

### Deceptive Trade Practices (Violations of NRS 598 et seq. & 649 et seq)

97. Plaintiffs reallege and restate Paragraphs 1 through 96;

98. In violation of both NRS 598 et seq. (deceptive trade practices), and 649 et seq. (collection agency practices), GARCIA used any device, subterfuge, pretense, or deceptive means or representations to collect any debt, thereby resulting in ascertainable loss to the Plaintiffs.

99. GARCIA' conduct, as alleged in this Complaint, constitutes deceptive acts or practices in

violation of NRS 598.0915, in that:

    a.   GARCIA made false or misleading statements of fact concerning the services to be provided and the value of said services;

    b.   GARCIA failed to disclose material facts in connection with the services rendered, in that he failed to disclose that the demand for payment does not reflect the actual services rendered but are instead grossly inflated so as to substantially increase Plaintiffs' invoice.

    c.   GARCIA failed to substantiate his demands for payment with any actual services rendered.

    d.   GARCIA has violated state and federal statutes and regulations concerning said transaction, including but not limited to NRS 598 et seq., the Fair Debt Collection Practices Act, the Federal RICO statute and the Nevada RICO statute.

**Ninth Claim:**

**Theft (Violations of NRS 205.0832(c))**

100.    Plaintiffs reallege and restate Paragraphs 1 through 99;

101.    GARCIA knowingly obtained Plaintiffs' money by promising to provide Plaintiffs with a website designed to market and promote Plaintiffs' business;

102.    GARCIA furthered his material representations by assuring the Plaintiff that as a result of HIS CORPORATIONS's services, a website would be designed to market and promote Plaintiff's business;

103.    This fraudulent and material misrepresentation was instrumental in causing the wrongful transfer of over $8,000.00 from the Plaintiffs to the GARCIA.

104.    In doing so, GARCIA violated NRS 205.0835 and is therefore guilty of a

category B felony and shall be punished by imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 10 years, and by a fine of not more than $10,000.00.

## Tenth Claim:

## Obtaining Money by False Pretenses (Violations of NRS 205.380)

105.   Plaintiffs reallege and restate Paragraphs 1 through 104;

106.   GARCIA knowingly and designedly by false pretenses sought to obtain money from the Plaintiffs with the intent to cheat or defraud the Plaintiffs;

107.   As a result of their false pretenses, GARCIA, did in fact obtain money from the Plaintiffs in excess of $8,000.00;

108.   In doing so, Defendant violated NRS 205.380, and is therefore guilty of a category B felony, punishable by imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 6 years, or by a fine of not more than $10,000.00, or by both fine and imprisonment;

109.   In addition, Plaintiffs are entitled to restitution.

## Eleventh Claim:

## Embezzlement (Violations of NRS 205.305)

110.   Plaintiffs reallege and restate Paragraphs 1 through 109;

111.   As an officer or manager of his CORPORATIONS, GARCIA was entrusted with the control and power to withdraw funds from his CORPORATIONS;

**112.**   GARCIA intentionally used his position as officers and manager of his CORPORATIONS to embezzle funds and convert it to his own use by first issuing frivolous demands for payment to his customers, depositing the

customer's checks into his CORPORATION'S accounts and then ultimately withdrawing the funds for his own personal use;

**Twelfth Claim:**

**Use of Monetary Instruments Derived from Unlawful Activity (Violations of NRS 207.195)**

113.   Plaintiffs reallege and restate Paragraphs 1 through 112;

114.   GARCIA knowingly accepted monetary instruments in the form of checks, withdrawals and expenses made from his corporate bank accounts, with full knowledge that the monetary instrument was directly or indirectly derived from the unlawful activities alleged in this Complaint;

115.   GARCIA knowingly conducted or attempted to conduct a financial transaction involving the instrument, &/or transported or attempted to transport the monetary instrument, with the intent to further any unlawful activity, with knowledge that the transaction conceals the location, source ownership or control of the instrument, or with the knowledge that the transaction evades any provision of federal or state law that requires the reporting of a financial transaction.

116.   GARCIA violated NRS 207.195, and is therefore guilty of a category D felony, which is punishable by imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 4 years.

117.   In addition to any other penalty, the court may impose a fine of not more than $5,000.00, unless a greater fine is authorized or required by statute.

WHEREFORE, Plaintiffs pray as follows:

A.   That this Honorable Court adjudge and decree that GARCIA has engaged in the alleged conduct herein.
B.   That this Honorable Court adjudge that the conduct is unlawful and in violation of NRS 598.0903, et seq.

C.  That this Honorable Court enjoin and restrain GARCIA and his officers, agents, servants and employees, and those in active concert or participation with them, from continuing to engage in such conduct or other conduct having similar purpose or effect.

D.  That pursuant to NRS 598.0999, this Honorable Court assess civil penalties of $2,500.00 from GARCIA for each willful violation of NRS 598.0903 to 598.0997 complained of herein.

E.  That pursuant to NRS 598.0993, this Honorable Court order GARCIA to pay restitution which restores Plaintiffs to the financial position that he would have been in, absent GARCIA' deceptive trade practices.

F.  That pursuant to NRS 205.980, this Honorable Court order GARCIA to pay restitution which restores Plaintiffs to the financial position that he would have been in, absent GARCIA' use of false pretenses.

G.  That Plaintiffs recover from GARCIA damages for the intentional infliction of emotional distress associated with said deceptive trade practices.

H.  That Plaintiffs recover from GARCIA the costs of this action, including attorney's fees and costs.

I.  That this Honorable Court order such other and further relief and criminal penalties as it may deem just, necessary and appropriate.

## VII.

### VIOLATIONS OF THE NEVADA

### RACKETEER INFLUENCED & CORRUPT ORGANIZATIONS ACT

**Thirteenth Claim:**

**Nevada RICO Violations of NRS 207.470 et seq.**

118.    Plaintiffs reallege and restate Paragraphs 1 through 117;

119.    At all relevant times, GARCIA conducted the affairs of an enterprise within the meaning of NRS 207.380;

120.    For over the past year, GARCIA engaged in more than two predicate crimes related to racketeering that have the same or similar pattern, intents, results, accomplices, victims, methods and are otherwise related by distinguishing characteristics and are not isolated instances;

121.     GARCIA acted individually and professionally, as owner, manager and officer of the "Enterprise," by and through each of his CORPORATIONS;

122.     The Enterprise is an ongoing and continuing business organization consisting of GARCIA and his CORPORATIONS, which are and have been associated for the common purposes of conspiring, defrauding, and extorting excessive and illegal profits from the Plaintiffs, and then embezzling these funds to provide frivolous and illegal profits to one another;

123.     GARCIA's illegal conduct and practice was carried out by himself and through the use of each of his CORPORATIONS, and its agents therein;

124.     As owner, officer and manager of each of his CORPORATIONS, GARCIA was a fiduciary who exerted control & dominion over his CORPORATIONS by directly or indirectly, by and through its agents, conducted or participated in the conduct or the affairs of the Enterprise in the following ways.

125.     GARCIA has controlled and participated in the affairs of this Enterprise by using a fraudulent scheme to defraud its customers into paying exorbitant fees to his CORPORATIONS in exchange for services promised, but never actually rendered;

126.     GARCIA has directly controlled this scheme by using false pretenses and misrepresentations in the forms of verbal promises, assurances, coupled with frivolous demands for payments in the form of fictitious invoices to the Plaintiffs;

127.     GARCIA has instructed his agents to promote the fraudulent business and billing practices alleged herein;

128.    GARCIA has controlled this scheme by embezzling funds from the Enterprise and converting it to his own use in the form of issuing corporate checks, corporate withdrawals and purchases for himself;

129.    GARCIA has controlled & profited from this scheme by obtaining, receiving and possessing embezzled funds for his own personal use and gain;

130.    In conducting the scheme to defraud Plaintiffs, as detailed above and throughout this Complaint, GARCIA had the intent to defraud the Plaintiffs by using the Enterprise to defraud the Plaintiffs;

131.    Plaintiffs were defrauded by the GARCIA's scheme and use of the Enterprise in that:

   1) Plaintiffs relied upon Defendant's representations concerning the Defendant's provision of services for the purpose of creating a website to promote and market Plaintiff's business;

   2) In reliance thereon, Plaintiff's tendered up-front payment in amount of $8,000.00 to Defendant;

   3) Plaintiffs suffered damages exceeding $8,000.00 as a result of GARCIA' fraudulent scheme.

132.    GARCIA's pattern of racketeering involving several instances of: receiving, possessing or withholding over $8,500.00 from Plaintiffs under false pretenses and theft pursuant to NRS 205.380 & NRS 205.0832(c)), engaging in deceptive trade practices pursuant to NRS 598.0915, embezzling over $250.00 from his CORPORATIONS pursuant to NRS 205.305, issuing frivolous demands for payment and ultimately concealing, using and/or transporting the monetary instruments derived from his unlawful activity in violation of NRS 207.195;

133.    Collectively, these violations constitute "racketeering activity" within the meaning of NRS 207.390 in which GARCIA intended to defraud Plaintiffs and other intended victims of the scheme;

134.    GARCIA's fraudulent and unlawful scheme consisted first of misrepresenting the value of his CORPORATION'S services to the Plaintiffs with the intent that Plaintiffs would rely thereon and issue payment up-front when in fact the promised services would not be rendered, thereby resulting in damages to the Plaintiffs;

135.    GARCIA furthered his unlawful scheme by engaging in fraudulent and wholly frivolous billing practices, absent any justification whatsoever;

136.    Upon receipt of Plaintiff's payment, GARCIA furthered his fraudulent scheme by embezzling said funds from the Enterprise and converting it to his own use in the form of issuing corporate checks, withdrawals and purchases for himself;

137.    These schemes were calculated and intentionally crafted so as to ensure that the Plaintiffs would be defrauded into believing they would receive a website designed to market and promote Plaintiff's business in exchange for thousands of dollars paid up-front from the Plaintiffs to the Enterprise;

138.    By defrauding the Plaintiffs, accepting thousands of dollars under false pretenses, embezzling corporate funds and ultimately converting the monies into personal use, GARCIA engaged in a repeated, fraudulent, and unlawful course of conduct constituting a pattern of racketeering;

139.     These racketeering activities amount to a common course of conduct, with similar pattern and purpose, intended to deceive Plaintiffs and other victims of the scheme;

140.     Each separate instance of racketeering activity perpetrated by GARCIA was related, had similar intended purposes, involved similar participants and methods of execution, and had the same results affecting the same victims, including the Plaintiffs;

141.     GARCIA has engaged in this racketeering activity for the purpose of conducting the ongoing business affairs of their Enterprise;

142.     GARCIA' pattern of racketeering activity has directly and proximately caused the Plaintiffs to justifiably rely upon the fraudulent misrepresentations to their detriment;

WHEREFORE, Plaintiffs pray as follows:

A.  That this Honorable Court adjudge and decree that GARCIA have engaged in the alleged conduct herein.
B.  That this Honorable Court adjudge that the conduct is unlawful and in violation of NRS 207.360 et seq.
C.  That this Honorable Court enjoin and restrain GARCIA and their officers, agents, servants and employees, and those in active concert or participation with them, from continuing to engage in such conduct or other conduct having similar purpose or effect.
D.  That this Honorable Court order GARCIA to pay restitution which restores Plaintiffs to the financial position that he would have been in, absent GARCIA' criminal conduct.
E.  That Plaintiffs recover from GARCIA damages for the intentional infliction of emotional distress associated with said deceptive trade practices.
F.  That pursuant to NRS 207.470, this Honorable Court award Plaintiffs treble damages plus attorney's fees and costs of investigation and litigation reasonably incurred.
G.  That this Honorable Court order such other and further relief as it may deem just, necessary and appropriate.

/ / /

/ / /

/ / /

# VIII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Fourteenth Claim:

### Violations of 15 U.S.C. § 1692 et seq.

143.    Plaintiffs reallege and restate Paragraphs 1 through 142;

**144.**   Plaintiffs are "consumers" as defined in 15 U.S.C. 1692a(3)(Fair Debt Collection
Practices Act (FDCPA)),  who may or may not have been obligated to pay money
to a creditor;

145.    GARCIA are "debt collectors" who use "any instrumentality of interstate
commerce or the mails in any business, the principal purpose of which is the
collection of any debts, or who regularly collects or attempts to collect, directly or
indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §
1692a(6);

146.    Defendant violated the following provisions of FDCPA:

1)  15 U.S.C. 1692e: by using false, deceptive or misleading representations or
means in connection with the collection of Plaintiffs' debt.

2)  15 U.S.C. 1692e(2)(a): by falsely representing the character, nature and
amount of the alleged debt with confusing billing statements and fraudulently
inflated attorney fees and collection costs.

3)  15 U.S.C. 1692e(2)(b): by falsely representing the compensation which may
be lawfully received by them for the collection of the alleged debt.

4)  15 U.S.C. 1692e(10): by the use of any false representation or deceptive

means to collect or attempt to collect any dent from the Plaintiffs.

    5) 15 U..S.C. 1692f: by using unfair or unconscionable means to collect or attempt to collect the alleged debt.

    6) 15 U.S.C. 1692f(1): by attempting to collect an amount (including any interest, attorney fees or collection costs or expenses incidental to the principal obligation) when such amounts were not expressly permitted by law or the agreement giving rise to the alleged debt, and in fact were prohibited by statute, rule, policy or custom, or all;

147.    As a result of GARCIA' violations, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs pray as follows:

    A.  That this Honorable Court adjudge and decree that GARCIA have engaged in the alleged conduct herein.

    B.  That this Honorable Court adjudge that the conduct is unlawful and in violation of the Fair Debt Collection Practices Act.

    C.  That this Honorable Court enjoin and restrain GARCIA and their officers, agents, servants and employees, and those in active concert or participation with them, from continuing to engage in such conduct or other conduct having similar purpose or effect.

    D.  That, pursuant to FDCPA, this Honorable Court award the maximum award of statutory damages to the Plaintiffs.

    E.  That this Honorable Court order GARCIA to pay restitution which restores Plaintiffs to the financial position that he would have been in, absent GARCIA' criminal conduct.

    F.  That this Honorable Court award Plaintiffs their attorney's fees and costs of investigation and litigation reasonably incurred.

    G.  That this Honorable Court order such other and further relief as it may deem just, necessary and appropriate.

/ / /

/ / /

/ / /

# IX.

## VIOLATIONS OF THE FEDERAL

## RACKETEER INFLUENCED & CORRUPT ORGANIZATIONS ACT

### Fifteenth Claim:

### Violations under 18 U.S.C. § 1964

148.  Plaintiffs reallege and restate Paragraphs 1 through 147;

149.  Pursuant to the Organized Crime Control Act of 1970, 18 U.S.C. 1964 (Racketeer Influenced and Corrupt Organization) (hereinafter RICO Act), Plaintiffs bring this Claim for treble damages against GARCIA for violations of the RICO Act (18 U.S.C. § 1962);

150.  At all relevant times, GARCIA conducted his pattern of racketeering activity through the use of his CORPORATIONS, wherein he served as the sole or majority owner, officer, manager or shareholder exercising dominion and control over the CORPORATION;

151.  GARCIA used his CORPORATIONS as an "Enterprise," within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c);

152.  GARCIA is an individual "person," within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c), who associated with and/or participated in the conduct of the Enterprise's affairs;

153.  At all relevant times herein, GARCIA conducted, participated in, engaged in, conspired to engage in, or aided and abetted, the conduct of the affairs of the Enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) and 1962(c);

**Sixteenth Claim:**

**Violations of 18 U.S.C. § 1962(a) - (d)**

154.  Plaintiffs reallege and restate Paragraphs 1 through 153;

155.  In violation of Section 1962(a) of the RICO Act, GARCIA used the Enterprise to launder money generated by a pattern of racketeering activity;

156.  In violation of Section 1962(b) of the RICO Act, GARCIA acquired or maintained an interest in the Enterprise through a pattern of racketeering activity;

157.  In violation of Section 1962(c), GARCIA controlled and manipulate the Enterprise for purposes of engaging in, concealing, or benefiting from a pattern of racketeering activity;

158.  In violation of Section 1962(d) GARCIA conspired to violate the aforementioned subsections (a),(b),(c), of the RICO Act;

159.  GARCIA orchestrated a scheme to defraud the Plaintiffs into paying thousands of dollars to the Enterprise as a direct and proximate result of, and in justifiable reliance upon, GARCIA' fraudulent misrepresentations and frivolous billing practices;

160.  GARCIA furthered this pattern of racketeering activity by embezzling the funds paid to the Enterprise by converting said funds to his own personal use in the form of corporate checks, withdrawals and purchases;

161.  GARCIA, by and through the Enterprise, utilized, engaged in or affected interstate commerce in the furtherance of his racketeering activities through violations of federal criminal statutes, including instances of Mail Fraud, Bank Fraud, Extortion, Violations of the Fair Debt Collection Practices Act;

26

162.     GARCIA operated or managed the Enterprise by controlling, orchestrating, devising, directing or participating directly or indirectly, in the conduct of the Enterprise's affairs with full knowledge that such conduct furthered the pattern of racketeering activity;

163.     GARCIA furthered his pattern of criminal activity by engaging in crimes against the public justice wherein he committed perjury to effectuate an arrest upon one of his disgruntled customers;

164.     As GARCIA' actions form a pattern in that their conduct has the same or similar purpose, result, participant, victims, methods of commission or are otherwise interrelated by distinguishing characteristics;

165.     As long as GARCIA has the ability to own and operate the Enterprise, he will continue to carry out the above-mentioned patterns of criminal and racketeering activity;

166.     Plaintiffs have suffered an injury to their business and property that was a direct and proximate result of the GARCIA' predicate acts of racketeering activity;

167.     GARCIA' predicate acts that comprise the pattern of racketeering activity include:

    i.   Perjury (NRS 199 et. seq.)
    ii.  Mail fraud (18 U.S.C. §§ 1341, 1346).
    iii. Extortion (18 U.S.C. § 1951(a))
    iv.  Bank fraud (18 U.S.C. §1344)
    v.   Money laundering (18 U.S.C. § 1957)

/ / /

/ / /

/ / /

## Seventeenth Claim:

## Mail Fraud (Violations of 18 U.S.C. §§ 1341, 1346)

168.   Plaintiffs reallege and restate Paragraphs 1 through 167;

169.   GARCIA' unlawful attempt to obtain money from the Plaintiffs manifested in fraudulently demands for payment in the form of Invoices and Collection Letters;

170.   GARCIA engaged in mail fraud when they deposited these fraudulent misrepresentations with the United States Postal Service for delivery to the Plaintiffs;

171.   GARCIA' scheme to defraud was advanced, concealed &/or furthered by the use of the U.S. mail. 18 U.S.C. §§ 1341, 1343;

## Eighteenth Claim

## Extortion (Violations of 18 U.S.C. § 1951(a))

172.   Plaintiffs reallege and restate Paragraphs 1 through 171;

173.   GARCIA violated Section 1 of the Hobbs Act, 18 U.S.C. § 1951(a), by obstructing, delaying, or affecting commerce or the movement of any article or commodity in commerce, by robbery or extortion or by attempting or conspiring to do so;

174.   Plaintiffs have suffered substantial injury and monetary losses as a direct and immediate result of GARCIA' violations;

## Nineteenth Claim:

## Bank Fraud (Violations of 18 U.S.C. §1344)

175.   Plaintiffs reallege and restate Paragraphs 1 through 174;

176.   GARCIA engaged in bank fraud when he withdrew funds from the federally

insured bank &/or issued checks from the federally insured bank, by means of false or fraudulent pretenses, to further his racketeering activity by embezzling and converting corporate funds to his own personal use in the form of corporate checks, withdrawals and purchases for his own personal use;

## Twentieth Claim:

## Money Laundering

## (Violations of 18 U.S.C. § 1956 and 18 U.S.C. § 1957)

177.  Plaintiffs reallege and restate Paragraphs 1 through 176;

178.  GARCIA knowingly engaged in monetary transactions using funds derived from a specified unlawful activity;

**179.**  GARCIA knowingly conducted or attempted to conduct a financial transaction with funds derived from unlawful activities with the intent to: further said activities, conceal or disguise the nature, location, source, ownership or control of the proceeds derived from said activities, or to avoid a transaction reporting requirement under State or Federal law;

**180.**  GARCIA engaged in an aggregate of over $10,000.00 of criminally derived funds while utilizing a financial institution;

WHEREFORE, Plaintiffs pray as follows:

A.  That this Honorable Court adjudge and decree that GARCIA have engaged in the alleged conduct herein.

B.  That this Honorable Court adjudge that the GARCIA' conduct is unlawful and in violation of the RICO Act (18 U.S.C. § 1962).

C.  That this Honorable Court adjudge that the GARCIA' conduct constitutes mail fraud pursuant to 18 U.S.C. §§ 1341, 1346.

D.  That this Honorable Court adjudge that the GARCIA' conduct constitutes extortion under Section 1 of the Hobbs Act, 18 U.S.C. § 1951(a).

E.  That this Honorable Court adjudge that the GARCIA' conduct constitutes bank fraud under 18 U.S.C. §1344.

F. That this Honorable Court adjudge that the GARCIA` engaged in monetary transactions in property derived from racketeering activities pursuant to 18 U.S.C. § 1956 & 18 U.S.C. § 1957.

G. That this Honorable Court hold the Defendant jointly and severally liable to the Plaintiffs for their actions.

H. That this Honorable Court enjoin and restrain GARCIA and his officers, agents, servants and employees, and those in active concert or participation with him, from continuing to engage in such conduct or other conduct having similar purpose or effect.

I. That pursuant to 18 U.S.C. § 1964(c) this Honorable Court award Plaintiffs civil penalties in the form of treble damages, plus attorney's fees and costs of investigation and litigation reasonably incurred .

J. That this Honorable Court order such other and further relief as it may deem just, necessary and appropriate.

## X.

## OTHER RELIEF

### Twenty-first Claim:

### Punitive Damages, Vicarious Liability, Joint & Several Liability

181.    Plaintiffs reallege and restate Paragraphs 1 through 180;

182.    GARCIA acted willfully, wantonly, with malice, and in conscious disregard of the rights of the Plaintiffs and with the intent to cause the damages to Plaintiffs, as alleged herein, thus entitling Plaintiffs to an award of exemplary and punitive damages in this matter;

**183.**    At all times mentioned herein, GARCIA acted in concert with his CORPORATIONS and is therefore jointly and severally liable for the acts committed by and through the agents of his CORPORATIONS;

**184.**    GARCIA is vicariously liable for the acts of his agents of his CORPORATIONS;

### Twenty-second Claim:

### Attorney Fees & Costs

185.    Plaintiffs reallege and restate Paragraphs 1 through 184;

186.   As a direct and proximate result of, and by reason of, the activities of GARCIA, and his conduct in violation of 18 U.S.C. §§ 1962(d), PLAINTIFFS have been injured in their business or property, within the meaning of 18 U.S.C. § 1964(c). Among other things, PLAINTIFFS have suffered damages to the extent GARCIA defrauded PLAINTIFFS of their money or property;

**187.**   As a result thereof, PLAINTIFFS have had to retain the services of an attorney to investigate and initiate this action;

**188.**   PLAINTIFFS are, therefore, entitled to recover threefold the damages they have sustained together with the cost of the suit, including reasonable attorneys' and experts' fees;


**WHEREFORE**, Plaintiffs demand trial by jury and judgment from the Court as follows:

1.   To find GARCIA criminally liable in violation of the specified crimes against public justice, property and the Plaintiffs;

2.   To find GARCIA personally liable, under the Alter Ego Theory, for a sum of money equal to the amount of damages exceeding Ten Thousand Dollars ($10,000.00) and/or losses PLAINTIFFS have sustained or will sustain;

3.   To award damages against GARCIA to the fullest extent allowable under Nevada law in amount of Ten Thousand Dollars ($10,000.00) for his violations of NRS 199 et. seq.;

4.   To award damages against GARCIA to the fullest extent allowable under Nevada law in amount of Ten Thousand Dollars ($10,000.00) for his violations of NRS 205 et. seq.;

5.   To award damages against GARCIA to the fullest extent allowable under Nevada law in amount of Five Thousand Dollars ($5,000.00) for his violations of NRS 207 et. seq.;

6. To award damages against GARCIA as the Alter Ego of his CORPORATIONS, vicariously, jointly and severally for the actions and omissions of the agents of the CORPORATIONS;

7. To treble the amount of said damages pursuant to 18 U.S.C. § 1964(c);

8. To award punitive damages pursuant to Nevada common law;

9. To enjoin GARCIA's deceptive trade practices pursuant to NRS 598 et. seq.;

10. To award prejudgment interest on the amount of damages and/or losses that PLAINTIFFS have sustained;

11. To award all costs of investigation and litigation incurred by PLAINTIFFS, including its reasonable attorneys' fees and experts' fees, pursuant to 18 U.S.C. § 1964(c) and NRS 207.470 et. seq.; and

12. To award such other and further relief as the Court deems just and equitable.

Respectfully submitted on this 23RD day of Jan 2008.

PARLADE LAW, L.L.C.



MARI D. PARLADE, ESQ.
Nevada Bar No. 008872
3690 South Eastern Avenue, Suite 207
Las Vegas, Nevada 89169

Counsel for Plaintiff

///

///

1

## DEMAND FOR A JURY TRIAL

2

Plaintiffs respectfully request for a trial by jury.

3

Respectfully submitted on this **23rd** day of **Jan** 2008.

4

5

PARLADE LAW, L.L.C.

6

7



8

**MARI D. PARLADE, ESQ.**

9

Nevada Bar No. 008872

10

3690 South Eastern Avenue, Suite 207
Las Vegas, Nevada 89169

11

Counsel for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28